**Narinder SINGH; Kul Want Kaur; Sandeep Singh; Navneet Singh, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICES, Respondent.**

Nos. 01–71604, INS A70–669–362, INS A70–669–363, INS A70–669–364, INS A70–669–365.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Dec. 20, 2002.

Before MCKEOWN and PAEZ, Circuit Judges, and POLLAK,* District Judge.

MEMORANDUM **

Petitioners appeal from the Board of Immigration Appeals' ("BIA") denial of their petition for asylum and withholding of deportation. Because the petition is based on a claim of persecution by the militants and by the police, we address each issue in turn.

Substantial evidence supports the BIA's conclusion that the lead petitioner Narinder Singh ("Singh") was not persecuted by the militants and did not have a well-founded fear of persecution by the militants based on his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Although petitioners raised the issue of religious persecution in their brief before the BIA, the issue is not addressed in their opening brief to this court and thus is waived. To the extent petitioners view religious persecution as part of their claim vis-a-vis the militants, as noted above, substantial evidence supports the BIA's decision.

Singh also argues that police persecution of his brother is evidence of a well-founded fear of persecution based on imputed political opinion. It is unclear, however, whether substantial evidence supports the BIA's conclusion that Singh's fear of the police is not well-founded. We note that the BIA found that Singh was credible.

---

\* Honorable Louis H. Pollak, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

Petitioners' claims are based, in large part, on Singh's testimony that his brother was persecuted by the police. According to the BIA, Singh testified that his brother "was detained for 2 days as a suspected terrorist" and thereafter "went into hiding." A review of the transcript reveals that Singh actually testified that his brother was arrested by the police and tortured for two days while in their custody. Singh also testified that his brother was arrested fifteen days later and has not been heard from since. In ignoring this subsequent arrest and stating erroneously that Singh's brother went into hiding, the BIA misconstrued Singh's testimony and the factual basis for his petition. We cannot determine whether the BIA would have reached a different conclusion if it had correctly understood the factual basis for Singh's claims.

Accordingly, we remand to allow the BIA to address whether Singh's testimony regarding his brother is sufficient, along with other evidence, to establish that petitioners are eligible for asylum or withholding of deportation based on claimed persecution by the police. *INS v. Ventura,* —— U.S. ——, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). In light of this determination, we do not need to reach the due process claim. In all other respects, we deny the petition.

PETITION DENIED in Part and REMANDED in Part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.